UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONROE JONES,<br><br>    Petitioner,<br><br>v.<br><br>ADULT PAROLE OPERATION, SACRAMENTO CALIFORNIA,<br><br>    Respondent. | Case No. 25-cv-04778-EKL<br><br>**ORDER DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS* **AS MOOT, DISMISSING PETITION WITHOUT PREJUDICE FOR LACK OF EXHAUSTION**<br><br>Re: ECF No. 2 |

Petitioner Monroe Jones, a California parolee, filed the instant *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the requirement that he wear an ankle monitor as a condition of his parole. His petition for writ of habeas corpus is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Jones also filed a motion for leave to proceed *in forma pauperis* in lieu of prepayment of the filing fee, which the Court DENIES as moot given the Court's determination that this matter must be DISMISSED WITHOUT PREJUDICE for lack of exhaustion. *See* ECF No. 2.

**I.  BACKGROUND**

Jones appears to allege that the California Department of Corrections and Rehabilitation's Adult Parole Operations Division unlawfully ordered him to wear an ankle monitor due to two misdemeanor offenses, violating Jones' due process, equal protection, and Eighth Amendment rights, as well as the prohibition against double jeopardy. ECF No. 1 at 18.

Jones states that he finished his full sentence and parole in 2013 for a "290 sex offense,"[1]

---

[1] "290" is presumably a reference to California Penal Code section 290, which imposes registration requirements on sex offenders.

and that he wore an ankle monitor as a parole condition for that offense. *Id.*; *see also* Cal. Pen. Code § 290 *et seq.* (entitled "the Sex Offender Registration Act"). He does not appear to challenge this condition of parole. Rather, Jones alleges that after he was discharged from his parole for the sex offense in 2013, he was arrested and convicted, this time for possession of a controlled substance and for "manuf/poss/sell billy/blackjack." *Id.* at 1. Jones further alleges that he was forced to wear an ankle monitor as a parole condition for these offenses, even though they are not subject to Section 290's requirements. *Id.* at 2. He states that he pleaded not guilty to tampering with his monitor by allowing it to die because the ankle monitor was "totally illegal," yet he was found guilty of tampering. *Id.*

The petition does not clarify the length of Jones' parole term.

## II.     ANALYSIS

A district court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243. If it appears plainly from the petition that the petitioner is not entitled to relief, the court must summarily dismiss the petition without ordering a responsive pleading. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Even assuming that Jones remains on parole and that his allegations are cognizable habeas claims, the face of the petition shows that the claims are entirely unexhausted. *See* ECF No. 1 at 6-13. In his petition, Jones states that he has not sought appellate or post-conviction relief in any court except this Court. *See* ECF No. 1 at 6 (answering "no" to form question asking whether Jones raised the issue(s) he is raising in a "post-conviction motion or petition for [writ of] habeas corpus in state court," and handwriting "only this court" next to his answer); *see id.* at 7 (stating only that Jones filed a direct appeal to the "Board of Prison Term. Parole Operation" in response to question as to whether he has used any other procedures to exhaust state remedies); *see id.* at 12-13 (same). A search of the California Supreme Court's docket also shows that Jones has not

1  had any proceedings before that court since 1999.[2]

2      Prisoners in state custody who wish to collaterally challenge either the fact or length of their confinement are required to first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of the claims. *See* 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The exhaustion doctrine "reflects a policy of federal-state comity . . . to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations and quotation marks omitted). If it is clear from the face of the petition that the claims are unexhausted, a federal court may raise the issue of non-exhaustion *sua sponte* and summarily dismiss the petition. *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998).

    Additionally, a fully unexhausted federal habeas petition may not be stayed and must be dismissed. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions [. . . . and] may simply dismiss the habeas petition for failure to exhaust."); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "[*Rhines v. Weber*, 544 U.S. 269 (2005)] stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [the petitioner's] claims were exhausted").

### III. CONCLUSION

The Court orders as follows:

1. Jones' application to proceed *in forma pauperis* (ECF No. 2) is DENIED as moot.
2. As the face of the petition shows that none of Jones' claims have been exhausted, the Court DISMISSES the petition without prejudice to Jones re-filing it once his

---

[2] The Court takes judicial notice of the California Supreme Court's electronic appellate court docket for "Monroe Jones." *See* California Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search/searchResults.cfm?dist=0&search=party (last accessed December 31, 2025); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of court filings and other matters of public record).

Case 5:25-cv-04778-EKL   Document 10   Filed 01/05/26   Page 4 of 4

1 claims have been exhausted in state court.

2. 3. Furthermore, as the question of whether the petition is unexhausted is not reasonably debatable, the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (in order to obtain a Certificate of Appealability, a petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.)

4. The Clerk shall close the file and terminate all pending motions.

**IT IS SO ORDERED.**

Dated: January 5, 2026

_____
Eumi K. Lee
United States District Judge

4